## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E BIOFUELS-MEAD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV706 |
| | ) | |
| V. | ) | |
| | ) | |
| SKINNER TANK, Company, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Skinner Tank Company's ("Skinner Tank") Motion to Consolidate (filing 68).[1] Skinner Tank requests that this suit (hereinafter the "Skinner action") be consolidated with *E3 Biofuels, LLC v. Biothane Corp.*, Case No. 8:11CV44 (D. Neb. 2011) (hereinafter the "Biothane action").[2] Plaintiff E3 Biofuels ("E3") and Third-Party Defendant Dilling Mechanical Contractors, Inc. ("Dilling") oppose the motion. For the reasons set forth below, Skinner Tank's motion will be denied.

### BACKGROUND

Both the Skinner action and the Biothane action arise out of the construction of an Ethanol Plant (the "Plant") in Mead, Nebraska. In the Skinner action, E3 alleges that Skinner Tank breached its contract to design and assemble tanks and supporting structures for the Plant and that Skinner Tank was negligent in the construction of the tanks. In the Biothane action, E3 contends that Biothane breached its contract to provide a functional boiler system for the Plant and that Biothane and PEI were negligent in the start-up and integration of the

---

[1] Biothane, LLC ("Biothane") and Perennial Energy, Inc. ("PEI"), the defendants in the Biothane action, have joined in this Motion to Consolidate and have also filed a motion to consolidate in the Biothane action, to which Skinner Tank has joined.

[2] Skinner Tank also moved to consolidate this action with *E3 Biofuels, LLC v. Dilling Mechanical Contractors, Inc.*, Case No. 8:11CV43 (D. Neb. 2011). However, subsequent to the filing of the Motion to Consolidate, that action was settled.

boiler system. In each suit, E3 claims that the alleged contractual breaches and negligence delayed construction of the Plant and resulted in additional construction expenses and loss of operating revenue.

The Skinner action was filed on November 13, 2006, and is assigned to District Court Judge Joseph Bataillon for disposition. By order dated December 3, 2007 (filing 57), the Skinner action was transferred to bankruptcy court upon E3's Suggestion of Bankruptcy (filing 56). On May 29, 2012, following a transfer from Kansas Bankruptcy Court back to this Court, this case was reinstated (filing 59). At that time, Judge Bataillon requested that the undersigned hold a status conference with the parties as soon as possible and, if appropriate, place the case on an expedited progression schedule.³ (*Id*.)

The Biothane action was filed on February 8, 2011, and is assigned to Chief District Court Judge Laurie Smith Camp. Discovery has commenced, however, a final progression order has not been entered.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010). The consent of the parties is not required for consolidation. *Id*. Whether to grant a motion to consolidate is within the sound discretion of the court. *Id*. When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. *Id*. Lawsuits involving the same parties are "apt candidates for consolidation." *Id*. (quotation

---

³ A status conference was held with the parties on June 21, 2012. At that time, the Motion to Consolidate was discussed and it was agreed that a follow-up conference would be scheduled following a ruling on the motion. (Filing 75.)

and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the undersigned finds that consolidation of the actions is inappropriate. While there may be some common issues of fact and law in the cases, the defendants in each of the actions are different. Plaintiff E3 is the only party currently involved in each of the suits. Also, the Skinner action was filed in 2006, far in advance of the Biothane case. In fact, the boiler explosion giving rise to the Biothane suit did not occur until after the Skinner action had been filed. Given the age of the Skinner action, it is probable that the case will be placed on an expedited progression schedule. Consolidating the suits would likely lead to further delays in the Skinner action.

Accordingly,

**IT IS ORDERED:**

1. The Motion to Consolidate (filing 68) is denied.

2. A telephonic planning conference will be held with the undersigned on Thursday, August 16, 2012, at 10:30 a.m. to discuss progression of this case. Plaintiff's counsel shall initiate the call to chambers.

3. In advance of the planning conference, the parties shall confer and submit to the Court a proposed progression schedule.

4. The Joint Motion for Oral Argument on Motion to Consolidate (filing 76) is denied as moot.

**DATED July 23, 2012.**

                                          **BY THE COURT:**

                                          S/ F.A. Gossett
                                          **United States Magistrate Judge**