IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| E³ BIOFUELS-MEAD, LLC; <br><br>      Plaintiff, <br><br> vs. <br><br> SKINNER TANK COMPANY; <br><br>      Defendant. | 8:06CV706 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on defendant/third-party plaintiff Skinner Tank's objection (hereinafter referred to as "Skinner"), Filing No. 83, to the order of the magistrate judge, Filing No. 81. Skinner moved to consolidate, Filing No. 68, this case with *E³ Biofuels, LLC* (hereinafter referred to as "E³") *v. Biothane Corp.*, No. 8:11CV44 (D. Neb. 2011). The plaintiff, E³ Biofuels-Mead, LLC's, and third-party defendant, Dilling Mechanical Contractors, Inc., oppose the motion. Filing No. 86. The magistrate judge denied the motion to consolidate, and Skinner filed this objection.[1]

The plaintiff initiated this action alleging that the defendant breached a contract to design and assemble tanks at an ethanol plant in Mead, Nebraska. In the related action, E³ alleges that Biothane, a party in that case, breached a contract to provide a functional boiler system for the plant and alleges negligence for the startup and integration of the boiler system.

The magistrate judge applied Fed. R. Civ. P. 42(a) and determined that consolidation was not appropriate in this case. The magistrate judge concluded:

---

[1] This case was (1) assigned to this court in 2006, (2) transferred to bankruptcy, (3) transferred to Kansas Bankruptcy Court, and finally (3) reinstated in this court. The second action was assigned to Judge Laurie Smith Camp in 2011.

> Having reviewed the matter, the undersigned finds that consolidation of the actions is inappropriate. While there may be some common issues of fact and law in the cases, the defendants in each of the actions are different. Plaintiff $E^3$ is the only party currently involved in each of the suits. Also, the Skinner action was filed in 2006, far in advance of the Biothane case. In fact, the boiler explosion giving rise to the Biothane suit did not occur until after the Skinner action had been filed. Given the age of the Skinner action, it is probable that the case will be placed on an expedited progression schedule. Consolidating the suits would likely lead to further delays in the Skinner action.

Filing No. 81, at 3.

Skinner objects, arguing that (1) the magistrate judge mistakenly found that $E^3$ is the only party that is currently involved in the lawsuits, and (2) the magistrate judge's finding that consolidation would lead to further delays is clearly erroneous. Skinner also argues that Dilling is a third-party defendant in the action before this court and is a defendant in a suit already settled that is apparently somewhat related to these lawsuits.

When reviewing a magistrate judge's decision on nondispositive matters, this court must affirm the magistrate judge's order unless it "is clearly erroneous or is contrary to law."  28 U.S.C.A. § 636(b)(1)(A).  The court has carefully reviewed the objections and finds that even if there is another interested party, which the court does not so conclude, the magistrate judge's holding is correct. The remaining reasons set forth by the magistrate judge—different parties, timing of the filing of each suit, possible delays caused by consolidation of an already very old case, and significant factual differences—are sufficient to support the findings of the magistrate judge. The court finds that the analysis and conclusions of the magistrate judge are neither clearly erroneous nor contrary to law.

2

THEREFORE, IT IS ORDERED:

1. Skinner's objections, Filing No. 83, are overruled;

2. The motion to consolidate filed by Skinner, Filing No. 68, is denied;

3. The order of the magistrate judge, Filing No. 81, is affirmed; and

4. The magistrate judge shall progress this case.


Dated this 16th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.